IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:26-CR-63-M-KS-1
NO [redacted]
NO [redacted]
NO [redacted]
NO. 7:26-CR-63-M-KS-5
NO. [redacted]
NO. [redacted]
NO. [redacted]
NO. 7:26-CR-63-M-KS-9

FILED IN OPEN COURT
ON 10/6/26 cm
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES OF AMERICA

v.

HUBERT RAY LOCKLEAR
a/k/a "Pookie"
[redacted]
JOSHUA BRANDON LOCKLEAR
[redacted]
LEROY HUNT

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

Beginning in or about 2022, and continuing up to and including on or about April 9, 2025, in the Eastern District of North Carolina, and elsewhere, defendants HUBERT RAY LOCKLEAR, also known as "Pookie," [redacted] JOSHUA BRANDON

LOCKLEAR, [redacted] also known as [redacted] and LEROY HUNT did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute fentanyl, cocaine, and cocaine base ("crack"), Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

<u>Quantity of Controlled Substances Involved in the Conspiracy</u>

With respect to HUBERT RAY LOCKLEAR, also known as "Pookie," the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl, five hundred (500) grams or more of cocaine, and a quantity of cocaine base ("crack"), Schedule II controlled substances.

With respect to [redacted] the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

With respect to [redacted], the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled

substance.

With respect to [redacted] the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

With respect to JOSHUA BRANDON LOCKLEAR, the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl and a quantity of cocaine, Schedule II controlled substances.

With respect to [redacted] also known as [redacted] the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

With respect to [redacted], the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are five hundred (500) grams or more of cocaine, a Schedule II controlled substance.

With respect to [redacted] the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are forty (40) grams or more of a mixture

and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

With respect to LEROY HUNT, the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 846.

ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, before HUBERT RAY LOCKLEAR, also known as "Pookie," committed the offense charged in this count, HUBERT RAY LOCKLEAR, also known as "Pookie," had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, before [redacted], committed the offense charged in this count, [redacted] had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Sections 841 and 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement

of the instant offense.

## COUNT TWO

On or about March 18, 2025, in the Eastern District of North Carolina, the defendant, [redacted], who was then under indictment for a crime punishable by imprisonment for a term exceeding one year, to wit: accessory after the fact to robbery with a dangerous weapon, accessory after the fact to assault with a deadly weapon with intent to kill inflicting serious injury, and accessory after the fact to larceny of a firearm, did willfully receive a firearm, said firearm having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(n) and 924(a)(1)(D).

## COUNT THREE

On or about March 18, 2025, in the Eastern District of North Carolina, the defendants, [redacted] and HUBERT RAY LOCKLEAR, also known as "Pookie," aiding and abetting each other, did knowingly and intentionally possess with the intent to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, before HUBERT RAY LOCKLEAR, also known as "Pookie," committed the offense charged in this count, HUBERT RAY LOCKLEAR, also known as "Pookie," had a final conviction for a serious drug felony, namely, a conviction under Title 21, United

States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT FOUR

On or about March 21, 2025, in the Eastern District of North Carolina, the defendants, [redacted], [redacted], and HUBERT RAY LOCKLEAR, also known as "Pookie," aiding and abetting each other, did knowingly and intentionally possess with the intent to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, before HUBERT RAY LOCKLEAR, also known as "Pookie," committed the offense charged in this count, HUBERT RAY LOCKLEAR, also known as "Pookie," had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT FIVE

On or about March 21, 2025, in the Eastern District of North Carolina, the defendant, [redacted], did knowingly and intentionally possess with the intent to distribute a quantity of cocaine and a quantity of mixture and

substance with a detectable amount of methamphetamine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

On or about April 9, 2025, in the Eastern District of North Carolina, the defendant, [redacted], did knowingly and intentionally possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

On or about April 9, 2025, in the Eastern District of North Carolina, the defendants, HUBERT RAY LOCKLEAR, also known as "Pookie," did knowingly and intentionally possess with the intent to distribute a quantity of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## ALLEGATION OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Sections 841(b) and 851, before HUBERT RAY LOCKLEAR, also known as "Pookie," committed the offense charged in this count, HUBERT RAY LOCKLEAR, also known as "Pookie," had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Section 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT EIGHT

On or about April 9, 2025, in the Eastern District of North Carolina, the defendant, HUBERT RAY LOCKLEAR, also known as "Pookie," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT NINE

On or about April 9, 2025, in the Eastern District of North Carolina, the defendant, [redacted] also known as [redacted], knowing he was an alien illegally and unlawfully in the United States, knowingly possessed firearms, and the firearms were in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(5) and 924.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

## FORFEITURE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

Personal Property:

a) $634,040.30 seized from Wells Fargo bank accounts associated with Hubert Ray LOCKLEAR, also known as "Pookie," on April 23, 2025.

b) A Ruger, EC9S, 9 mm handgun with serial number 463-86072 and related

ammunition seized from [redacted] during a traffic stop in Robeson County, North Carolina on March 18, 2025.

c) One Smith & Wesson, model M&P 9, 9mm handgun with serial number HTY3029 and related ammunition seized from HUBERT RAY LOCKLEAR, also known as "Pookie," at 67 Newman Drive, in Lumberton, North Carolina, on April 9, 2025.

d) One Glock, model 48, 9mm handgun with serial number BUFP178 and related ammunition seized from [redacted] also known as [redacted], at 1448 Crenshaw Road in Saint Paul's, North Carolina, on April 9, 2025.

e) One Tisas-Trabzon, model 1911 A1, 45 caliber handgun with serial number T0621-23Z26010 and related ammunition seized from [redacted] REYES, also known as [redacted] at 1448 Crenshaw Road in Saint Paul's, North Carolina, on April 9, 2025.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value;

or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

REDACTED VERSION

Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

Date: 10/6/2026

W. ELLIS BOYLE
United States Attorney

FOR

KIMBERLY N. DIXON
Assistant United States Attorney